Otto A. Herzog
vs.
Joseph Galuppo et al. } Eq. No. 11,865.

June 12, 1933.

FROST, J. Heard upon bill, answer and proof.

This is a bill of complaint in which the complainant seeks to have the Court decree that certain real estate on Bridgham street, in the City of Providence, now held by Sophia Galuppo, is held by her as trustee for the complainant, and, after ascertaining the amount due the respondents, require the respondent Sophia Galuppo to convey said real estate to the complainant.

It appears that the property, which is the subject matter of the suit, was owned in 1930 by Joseph Galuppo. In July of that year Herzog purchased the property and had the conveyance made to his mother, Pauline A. Herzog. He did this, as he says, because he was married but was not living with his wife, whose whereabouts he did not know. At the time of purchase there were two mortgages upon the property: a first mortgage of $6,000, held by Citizens Savings Bank, which had been reduced to $5,250, and a second mortgage of $3,000 held by one

John L. Carey. This second mortgage appears to have been paid by Herzog at the time of sale. At the same time another mortgage of $3250, which became a second mortgage, was taken by Galuppo as a part of the purchase price. Herzog also paid to Galuppo $1000 cash. The purchase price was $12,500. Subsequently Pauline Herzog died, leaving a will under which the property on Bridgham street passed to Otto Herzog as residuary devisee. An appeal to this Court from the probate of the will was taken and is still pending.

In addition to the litigation over his mother's will, Herzog testified that he had assumed certain obligations in connection with notes that he had signed. He said that Joseph Galuppo was familiar with his situation and, knowing it, suggested that he. Galuppo, foreclose the mortgage held by him, purchase the property in his own name and then convey it to Herzog when the latter had paid up what was due Galuppo. Approximately $1075 was due upon the second mortgage held by Galuppo when the latter, under the agreement which Herzog says existed, foreclosed. The property was sold at foreclosure sale on February 16, 1932, the deed being made, contrary to the alleged agreement, to Sophia Galuppo, the wife of Joseph Galuppo.

After the sale, Herzog continued to live in the house, which is a house of eighteen rooms, and what money he could make from his lodgers, he paid to Joseph Galuppo. Subsequent to the sale, he saw in the newspaper that the deed was drawn to Sophia Galuppo. He testified that he at once spoke to Galuppo of this and that the latter gave him some reason for having the deed in his wife's name rather than in his name.

Herzog further testified that after the forclosure he continued to pay on the mortgage; that on October 10, 1932, he was prepared to pay the balance of $150 on the mortgage but Mrs. Gal-

uppo said that she was not going to turn the deed back to him; that there had never been any talk of rents but that shortly after the interview just mentioned he received a letter ordering him to vacate. On December 6, 1932, Herzog filed his bill of complaint.

Joseph Galuppo denied that it was his suggestion that the mortgage be foreclosed and said that Herzog did not want to make any more payments and was ready to throw up his hands. He denied that the expenses of the foreclosure had been paid by Herzog and also denied that he agreed to return the property.

Sophia Galuppo testified that she had an understanding with Herzog that he was to pay rent at the rate of $100 per month and that she collected rent for the first two months. Herzog denied that there was any agreement to pay rent or that he ever paid any.

Irrespective of who suggested that Galuppo's mortgage be foreclosed, it does not seem reasonable or probable that Herzog would be willing to let go at that time his equity in the property. He had paid off about $800 on the first mortgage. Herzog was not in arrears on the interest on the second mortgage at the time of the foreclosure. There appear to be no facts to suggest that Herzog had lost courage and was willing to release his hold upon the property as testified to by Galuppo. Following the foreclosure Herzog asserted that he made payments to Galuppo of one of the installments to Citizens Savings Bank. He continued to make payments, after the foreclosure, to Galuppo, although these were declared by Mrs. Galuppo to have been on account of rent.

The decision in this case must rest very largely upon the view that one takes of the testimony of the complainant. He appeared to the Court to be a quiet, unostentatious man, very industrious and honest but not deeply versed in the ways of the world. His bookkeeping, so far as there was any, was of a primitive character, but his manner and his words carried conviction.

As for the respondents, memory frequently failed them and their testimony as a whole was extremely vague.

Mrs. Galuppo admitted in cross-examination that she paid no cash for the property purchased at foreclosure sale but did assert that her husband was owing her money at the time.

Upon all of the testimony the Court finds that the complainant is entitled to a conveyance to himself of the property in question upon payment of the amount admittedly due upon the principal of the second mortgage, together with any interest that may be due. If the parties are unable to agree upon the exact amount due from the complainant, the Court will hear them further upon that question.

For complainant: Curran, Hart, Gainer & Carr.

For respondent: Benjamin Cianciarulo.